**Baldev SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–71072.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2012.\*

Filed Nov. 19, 2012.

Teresa Salazar, Law Offices of Martin Resendez Guajardo, A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Annette M. Wietecha, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

*See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Baldev Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo due process claims. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen because he failed to show that he was prejudiced by the alleged ineffective assistance of his former counsel. *See id.* at 793–94 (prejudice results when "the performance of counsel was so inadequate that it may have affected the outcome of the proceedings" (internal quotation marks omitted)).

To the extent Singh now contends that his former attorney was also ineffective for failing to inform him of the need to immediately complete a Form I–130 petition, we lack jurisdiction to consider this contention because Singh did not raise it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).